UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:08-CR-67-DBH-01 |
| | ) |
| STANLEY JENKINS, | ) |
| DEFENDANT | ) |

ORDER ON MOTION TO MODIFY SENTENCE

The defendant seeks a sentence modification under 18 U.S.C. § 3582(c) on account of the lowered Guideline sentencing ranges established in Amendment 782 for cocaine base (crack cocaine). The government opposes any sentence reduction. In sentencing the defendant in 2009, I did not make a specific crack quantity finding, but instead, at the parties' request, used a quantity range that generated a particular Base Offense Level. Under the amended Guidelines, that quantity range now covers *two different* Base Offense Levels. The defendant argues that he should get the benefit of the lower level; the government argues that he should be held responsible for the higher level. I apply the lower level and reduce the defendant's sentence.

BACKGROUND

In the Presentence Report for the 2009 sentencing, the Probation Officer calculated a specific crack quantity for which he recommended that the defendant be held accountable. Presentence Report ¶ 6. But both the government and the defendant objected to that calculation, and the government

stated that because of witness problems it could not prove the amount that the Probation Officer proposed. <u>See</u> Addendum to the Presentence Report ("Addendum"), pp. 17-18.[1] Ultimately, I accepted a written plea agreement that created a binding stipulation under Fed. R. Crim. P. 11(c)(1)(C) that the drug quantity for which the defendant was responsible was 500 grams to 1.5 kilograms of crack. <u>See</u> Agreement to Plead Guilty (With Stipulations and Appeal Waiver) (ECF No. 212), p. 3.[2] That 500g to 1.5kg range generated a Base Offense Level of 34 under the then applicable Guidelines. <u>See</u> U.S.S.G. § 2D1.1(c)(3) (2008). The defendant's Total Offense Level was 37 and his Criminal History was Category III. His sentencing range therefore was 262 to 327 months imprisonment. Applying the section 3553(a) statutory factors, <u>see</u> <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005), I varied downward from that range and sentenced him to 210 months.

But 500g to 1.5kg is no longer a definitive marker. Instead, a quantity of 840g to 2.8kg of crack now generates a Base Offense Level of 32, while a quantity

---

[1] The Addendum stated:
> The government believes the PSR overstates the drug quantity it can prove. The government notes one particular witness that could potentially provide testimony to support a portion of the drugs calculated in the PSR would "likely assert his/her Fifth Amendment right against self-incrimination." In addition, the government would not call other cooperating defendants to testify in light of the stipulation between the parties to a drug quantity between 500 grams and 1.5 kilograms of cocaine base, resulting in a base offense level 34.

Addendum, p. 17.

[2] The government says that the parties agreed to the stipulation *after* the presentence report was prepared. Gov't's Objection to Court's *Sua Sponte* Mot. to Modify Sentence ("Gov't's Objection") (ECF No. 395), p. 1. However, the plea agreement containing the stipulation is dated February 25, 2009, whereas the presentence report was prepared on April 15, 2009, and revised on May 13, 2009.

of 280g to 840g generates a Base Offense Level of 30.[3] Those Base Offense Levels generate Total Offense Levels of 35 and 33 when applied to this defendant and, with a Criminal History of III, Guideline prison ranges of 210 to 262 months and 168 to 210 months, respectively.

Therefore, the Guideline range for this defendant is lower than that applied in 2009 regardless of whether he is responsible for more than, or less than, 840 grams. But my original sentence of 210 months applied the Booker factors to "vary" below the then applicable Guideline range. A court applying the retroactive crack quantity amendments cannot sentence below the minimum sentence of the new Guideline range. See U.S.S.G. § 1B1.10(b)(2)(A). Thus, if the defendant's new Guideline range should be 210 to 262 months, he cannot obtain a reduction because his original sentence was already at the bottom of that new range. But if the Guideline range of 168 to 210 months applies, the defendant can seek a reduction because his sentence could be as low as 168 months, far lower than the original sentence.

## ANALYSIS

In circumstances like these where the original sentencing judge did not make a specific drug quantity calculation, the circuit courts generally have ruled that the "modification judge" (here, I am both the original sentencing judge and

---

[3] The Guidelines changed the relevant quantity markers to 280-840 grams and 840 grams to 2.8 kilograms in Amendment 750. See United States Sentencing Commission, Guidelines Manual, App. C-Vol. III, Amendment 750, at 391-98 (Nov. 1, 2011) (re-promulgating as permanent the previously temporary, emergency amendments implementing the Fair Sentencing Act). Most recently, the Commission reduced the Base Offense Levels for each of these crack quantity ranges to their current levels. See United States Sentencing Commission, Guidelines Manual, Suppl. to App. C, Amendment 782, at 65 (Nov. 1, 2014); see also Amendment 788, at 87 (Nov. 1, 2014) (Amendment 782 may be applied retroactively). For simplicity's sake, I will refer to the "crack quantity amendments."

3

the modification judge) should review the entire record that was before the original sentencing judge and make a determination, by a preponderance of the evidence, of the quantity for which the defendant is responsible (without contradicting any earlier findings).  See, e.g., United States v. Wyche, 741 F.3d 1284, 1293 (D.C. Cir. 2014); United States v. Anderson, 707 F.3d 973, 975 (8th Cir. 2013); United States v. Battle, 706 F.3d 1313, 1319 (10th Cir. 2013); United States v. Valentine, 694 F.3d 665, 670 (6th Cir. 2012); United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010).  I am unable to make such a quantity determination on the record alone.  What the record consists of is the defendant's admission at his guilty plea to the prosecution version that asserted a quantity of "over 50 grams of cocaine base."  See Gov't's Am. Version of the Offense (ECF No. 187), pp. 3-4.  I also have the Probation Officer's proposed drug quantity in the Presentence Report at the original sentencing, but it is entitled to no weight because both parties agreed that it could not be proven and because I accepted the Plea Agreement stipulation of 500g to 1.5kg.  There was no other evidence presented, and thus the record alone does not permit me to determine whether the defendant should be held responsible for more than, or less than, 840 grams of crack.

In opposing any reduction, the government says "that the Court must make specific findings that the drug quantity involved in this offense results in a lower sentencing guideline range.  Without such a finding, the defendant has failed to establish he is eligible for a sentencing modification." Gov't's Objection, pp. 1-2.  I have made that finding.  As I said above, the new Guideline range is lower, regardless of where the defendant fits within the quantity range.

4

Nevertheless, the question remains which of the two possible Guideline ranges applies.  Under the higher range, my 2009 variant sentence gave the defendant all that he can obtain.  But under the lower range, he can seek a further reduction.  On the factual issue of precisely what crack quantity should be assigned to him, the evidence is in equipoise.  Where a factual issue is in equipoise, the conventional way to resolve the decisional dilemma is through burden allocation.[4]

The statutory basis for a sentence modification like that requested here is 18 U.S.C. § 3582(c)(2).  It states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

There is no mention of burden allocation.  The pertinent Guideline states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).  As required by 18 U.S.C. 3582(c)(2), any such reduction in the

---

[4] The Probation Officer recommended a sentence reduction in the 2015 Revised Presentence Report on the basis of the "Rule of Lenity."  I agree with the government, see Gov't's Objection, p.1, that this is not really a rule of lenity case.  See United States v. Almonte, 493 Fed. App'x 830, 832 (8th Cir. 2012) (declining to apply the rule of lenity in sentence modification context because the relevant statutory language is not ambiguous); Yates v. United States, 135 S. Ct. 1074, 1088 (2015) (discussing the rule of lenity as a tool to interpret ambiguous criminal statutes).  But the Probation Officer was on the right track, as my analysis reveals and as the Tenth Circuit reflects, in urging that the court "err on the side of caution."  Battle, 706 F.3d at 1320 (citation omitted).

5

> defendant's term of imprisonment shall be consistent with this policy statement. . . .
>
> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if—
> . . .
> (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a).[5]  Once again, there is no mention of burden allocation.

The circuits are divided on how to proceed in such a case (the First Circuit has not spoken).  The Ninth Circuit says that once a defendant shows that an amendment applies to him:

> Since the district court, in deciding whether, and to what extent, a reduction in sentence is warranted, must consider what sentence it would have imposed had [the amendment] been in effect at the time the defendant was sentenced, U.S.S.G. § 1B1.10(b), *the burden of proof shifts to the government to establish the base offense level, that is, the weight of the controlled substance.*

United States v. Sprague, 135 F.3d 1301, 1307 (9th Cir. 1998) (emphasis added) (applying Amendment 484, which excluded the weight of certain components of a controlled substance mixture from drug quantity).  In Battle, the original sentencing finding was "well in excess of 1.5 kilograms."  706 F.3d at 1316.  At the modification stage, the Tenth Circuit did not use the language of burden, but that of caution.  It said: "*given the complete absence of evidence of drug quantity within [a particular] range, the district court was required to 'err on the side of caution,' and not rely on a 'theoretical maximum amount' of cocaine base involved.*"  706 F.3d at 1320 (emphasis added) (citations omitted).  It then remanded for resentencing at the bottom of the range that the record would

---

[5] The relevant portions of the crack quantity amendments are listed in subsection (d).

support.[6]  Thus, in both the Ninth and Tenth Circuits, any inadequacy of proof on drug quantity favors the defendant at the modification stage.[7]

But the Eleventh Circuit reached a contrary conclusion on who bears the burden at modification.  In a case where the sentencing judge originally found a defendant responsible for "at least" a certain quantity of crack without further specificity, the Eleventh Circuit said:

> If, after examining the findings it made at the initial sentence proceedings and, if those are inadequate, after looking at the record and materials that were before it at the time of the original sentence hearing, the district court cannot determine Hamilton's drug quantity with enough specificity to decide whether Amendment 750 lowers his guidelines range, then Hamilton is ineligible for § 3582(c)(2) relief.  *As the § 3582(c)(2) movant, Hamilton bears the burden of showing that if Amendment 750 had been in effect at the time of his original sentencing, then he would have received a lower guidelines range.*  Cf. U.S.S.G. § 1B1.10(b)(1).  If Hamilton cannot make that showing, then the court does not have the authority to reduce Hamilton's sentence under § 3582(c)(2).

United States v. Hamilton, 715 F.3d 328, 340-41 (11th Cir. 2013) (emphasis added).  A divided Eighth Circuit agreed, in a case where the record did not disclose the respective proportions of crack, powder cocaine, and marijuana that produced a marijuana-equivalent calculation, and thus stymied application of a

---

[6] In Battle, the modification judge found the defendant responsible for 3.4 kilograms, id. at 1314, and granted only a limited reduction.  Using the preponderance of the evidence standard, the Tenth Circuit said that the Presentence Report at the original sentencing "demonstrate[d] that Battle was responsible for somewhere between 1.8 and 3.4 kilograms," id. at 1320, and remanded for resentencing at the 1.8 kilogram level.  Id. at 1321.

[7] In Valentine, the Sixth Circuit did not address the burden issue burden directly, but its references to the "preponderance of the evidence in the record" as the standard, 694 F.3d at 670-74, are certainly consistent with the Ninth and Tenth Circuits' approach.  In United States v. Mann, the sentencing judge found that the defendant was responsible for "at least 1.5 kilograms." 709 F.3d 301, 303 (4th Cir. 2013).  At the modification stage, the judge refused to find that the defendant was responsible for 8.4 kilograms.  The Fourth Circuit "deferr[ed] to the sentencing court's conclusion that it never made a finding that Mann was responsible for any specific quantity greater than 1.5 kilograms," id. at 306, and said that the district court "did not err in exercising its discretion not to make additional findings more than a decade after the original sentencing."  Id. at 307.

7

crack quantity amendment: "[the defendant] was the movant seeking to reduce the offense level pursuant to USSG § 1B1.10.  If there is a failure of proof, then his motion fails."  United States v. Benson, 715 F.3d 705, 708 (8th Cir. 2013).

In the absence of specific First Circuit guidance and in light of Guideline policy and Supreme Court teaching, I find the Ninth and Tenth Circuits' approaches persuasive.  Certainly a defendant must first show that the Guideline amendment applies to his case, in the sense that his original sentence was based upon something that the Guideline amendment changed.  Thus, a person convicted for marijuana distribution cannot show that the crack quantity amendment applies to him.[8]  Here, it is indisputable that the defendant's sentence was based on crack quantity and that his new Guideline range is lower because both of the possible ranges are lower.  At the same time, it has long been the rule in this Circuit that the government has the burden of establishing a drug quantity that will generate a particular Base Offense Level.  See United States v. Sepulveda, 15 F.3d 1161, 1198 (1st Cir. 1993) ("For sentencing purposes, the government must prove drug quantities by a preponderance of the evidence.").

The applicable Guideline Policy Statement[9] and the Supreme Court instruct that once I conclude that a Guideline amendment applies, I must

---

[8] A number of defendants have lost their sentence reduction requests because, although they were convicted of distributing crack, their sentences were ultimately based on career offender status, not crack quantity.  See, e.g., United States v. Cardosa, 606 F.3d 16, 19 (1st Cir. 2010).
[9] Guideline 1B1.10(b)(1) says: "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced."

8

calculate the sentence as if the Guideline amendment had been in effect when I originally sentenced the defendant.  See Dillon v. United States, 560 U.S. 817, 827 (2010).  If I had been applying Amendment 782 in 2009, and if the only evidence were that the defendant was responsible for somewhere between 500g and 1.5kg of crack, I would have found that the government had not met its burden of proof to show that the amount was 840 grams or more and thus I would have assigned this defendant a Base Offense Level of 30 with a resulting sentencing range of 168 to 210 months (Total Offense Level of 33 and Criminal History Category III).  I conclude that this defendant is therefore entitled to seek a sentence reduction.

The Eighth and Eleventh Circuits' apparently contrary conclusions that impose the entire burden on the defendant are perplexing.[10]  Where the Sentencing Commission has made clear that it intends to lower the Guideline sentences for crack[11] and the defendant seeking a modification shows that he had a crack-based sentence; where the Commission and the Supreme Court have instructed that the modifying court should derive the sentence that the court would have derived if the amended sentencing Guideline had applied at the original sentencing; and where the government had the burden of proof at the original sentencing to establish relevant drug quantity, why impose the

---

[10] It is possible to distinguish the Eighth and Eleventh Circuit rulings because in this case the Guideline amendment lowers the Guideline range regardless of whether I select the high end or the low end of the parties' stipulated drug quantity. But even as distinguished, I find their approach unpersuasive.

[11] It is indisputable that the crack quantity amendments were intended to lower sentences for crack convictions.  See United States Sentencing Commission, Guidelines Manual, App. C-Vol. III, Amendment 750, at 393-94 (Nov. 1, 2011) (describing predicted crack sentence reductions under first round of crack quantity amendments).

burden on the defendant now to show that he was entitled to the lower part of a quantity range?[12] That is not within the language of the sentencing statute, the Guidelines, or the Supreme Court's reasoning in Dillon. It certainly does not further any purpose of the Commission, which made the crack quantity amendments retroactive. I therefore do not follow that approach and instead leave the burden with the government, as it was at sentencing.

In recommending a sentence reduction, the 2015 Revised Presentence Report tells me that while in prison this defendant has earned his GED, held several work assignments, completed a diversity awareness class, and accumulated no disciplinary history. After considering the section 3553(a) factors, as well as public safety and post-sentencing conduct, U.S.S.G. § 1B1.10, Cmt. 1(B),[13] I **REDUCE** his sentence to 168 months, the bottom of the new Guideline range. The Clerk's Office shall prepare an AO-247 form accordingly.[14]

**SO ORDERED.**

**DATED THIS 23RD DAY OF JULY, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[12] There is no issue of "fault" in cases like this. Neither the defendant nor the government can be faulted for selecting a quantity range that avoided controversy under the original Guideline but creates confusion under the amendment. The modification judge's role is to make a decision based upon review of the record of the original sentencing, not to shift the burden of proof.

[13] This is the second step of the "two-step inquiry" that Dillon says is established by § 3582(c)(2). 560 U.S. at 826-27.

[14] It will be effective only as of November 1, 2015, as required by Guideline 1B1.10(e)(1). A concurrent 60-month sentence for another conviction is unaffected by this ruling.